UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 13-10292-MLW |
| ROBERT BURTON | ) | |
| | ) | |
| Defendant. | ) | |

<u>JOINT MEMORANDUM FOR INTERIM STATUS CONFERENCE</u>

The parties submit this joint memorandum addressing the issues set out in Local Rule 116.5(A).

1.      <u>Status of Discovery</u>

The government has produced automatic discovery as well as additional materials, including but not limited to, witness statements and reports.   There are no pending discovery requests.   The defendant is still in the process of reviewing the materials provided (including additional reports received on January 6, 2014).   The defendant reserves the right to make additional discovery requests upon a completion of this examination.

2.      <u>Additional Discovery to Be Produced</u>

Pursuant to its obligations, the government has made available a number of records that it intends to use in its case-in-chief, including materials obtained during the execution of two search warrants.   The government is in the process of imaging the computers seized and will return to original computers to the defendant upon completion of that process.   The defendant has yet to make arrangements to review any of the materials made available for review.

3.      Timing of Any Additional Discovery Requests

The defendant requests a deadline for filing of additional discovery requests two weeks prior to the next scheduled status conference.

4.      Protective Orders

The Court has entered a protective order in this case.

5.      Timing of Any Pre-Trial Motions Under Fed. R. Crim. P. 12(b)

The defendant requests that any deadlines for the filing of pre-trial motions be set at the next scheduled status conference date.   This will allow time for a complete review of the discovery provided.

6.      Expert witness discovery

The defendant requests expert discovery pursuant to Fed. R. Crim. P. 16(a)(1)(E) and the parties request that the Court order that such discovery be produced no later than 30 days prior to trial in this matter, with reciprocal discovery to be produced no later than 15 days before trial.

7.      Defenses of Insanity, Public Authority or Alibi

The defendant reserves the right to pursue the defenses of insanity, public authority or alibi. Proper notice will be given to the government of any affirmative defenses.

8.      Excludable delay

The parties jointly ask the Court to exclude the time from January 7, 2014 until the date of the next status conference, under 18 U.S.C. §3161(h)(7)(A), because the parties need the time to continue to produce and review discovery in this case.   The ends of justice served by this exclusion outweigh the interests of the public and the defendants in a speedy trial.

9.      The Likelihood of Trial

The parties are exploring the possibility of resolving this case short of trial.   If a trial is

necessary in this matter, the parties estimate that it would last approximately eight days.

10.     The Timing of a Final Status Conference

The parties request a final status conference in 45 days.

Respectfully Submitted,                         Respectfully Submitted,

CARMEN M. ORTIZ                              ROBERT BURTON


By:   */s/ Sarah E. Walters*                      */s/ Oscar Cruz*
        Sarah E. Walters                             Oscar Cruz
        Assistant U.S. Attorney                      Office of the Federal Defender
                                                     Counsel to Robert Burton


## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically

to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: January 7, 2014

                                        */s/ Sarah E. Walters*
                                        Sarah E. Walters