UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 13-10292-MLW

UNITED STATES OF AMERICA

v.

ROBERT BURTON

**ORDER ON DEFENDANT'S MOTION FOR
RECONSIDERATION OF DETENTION ORDER**

December 12, 2014

Boal, M.J.

The defendant, Robert Burton, has pled guilty to securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5; procuring false tax returns in violation of 26 U.S.C. § 7206(2); and subscribing false tax returns in violation of 26 U.S.C. § 7206(1). A sentencing hearing is scheduled for December 22, 2014.

On October 3, 2014, this Court revoked Burton's pretrial release. Docket No. 101. Burton filed a motion for reconsideration of that decision on December 3, 2014. Docket No. 109. The government filed an opposition on December 4, 2014. Docket No. 110. This Court held a hearing on December 12, 2014.

In his motion, Burton notes that the Bankruptcy Court has lifted its detention order. However, although the Court mentioned the Bankruptcy Court detention order, that order had no bearing on the Court's decision to revoke pretrial release. See Docket No. 101 at 3, n. 1.

Burton also argues that he needs to be released in order to satisfy his restitution obligations under his plea agreement with the government. Under the terms of the plea

agreement, Burton agreed to pay a minimum of $50,000 restitution by the date of his sentencing hearing.  He states that he has approximately $27,000 available to pay restitution and that he can generate the balance by selling several of his assets.[1]  He argues that he cannot effectuate the sale unless he is released from prison.  Burton has not sufficiently explained why he can only sell his assets if he is released from prison or otherwise presented any other information that would warrant reconsideration of the Court's order revoking pretrial release.[2]

Accordingly, the Court denies Burton's motion for reconsideration.  If the defendant seeks further review of his detention order, he may do so from the District Judge assigned to this case.

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[1] In his motion, Burton stated that he could generate the balance by selling a debt portfolio. Docket No. 109 at 2.  At oral argument, however, Burton's counsel stated that the sale of the debt portfolio would likely generate approximately $5,000 and that he was also planning on selling his automobile and a watch and art collection.

[2] At the hearing, Burton proposed new third-party custodians in the event the Court decided to reconsider its detention decision.  Burton's third-party custodian, Bryan Ganz, contacted the Pretrial Services officer to indicate that he was no longer willing to act as a third-party custodian.  Mr. Ganz, who also employed Burton in his business before Burton's pretrial release was revoked, told the Pretrial Services officer that Burton had used a corporate credit card for personal expenses without authorization.  He also stated that acting as a third-party custodian was too stressful.